# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**CIVIL NO. 3:04-CV-574-W**

| | |
|---|---|
| JIMMY W. CUPPLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| AMSAN, LLC d/b/a MAINTENANCE ) | **ORDER** |
| SUPPLY COMPANY, AMERICAN ) | |
| SANITARY INCORPORATED, GRACE ) | |
| CAUDLE, and TENA DAVIS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER comes now before the Court on Plaintiff's motion to strike an unsolicited supplemental brief filed by Defendants, or in the alternative seeking leave to file a response. In response, Defendants filed yet another round of briefing, seeking leave of court *nunc pro tunc* to file their supplemental brief and including still more legal argumentation in support of their summary judgment motion.

Local Rule 7.1 contemplates a single memorandum in support of a motion for summary judgment, a single memorandum in opposition to the motion, and a single reply memorandum in response to the issues raised in the opposition memorandum. Additional memoranda are not permitted, except by motion obtaining leave of Court or at the request of the Court acting on its own motion. In order to avoid a perpetual battle of sur-replies which mires the efficient administration of justice, such leave will not be granted absent an exceptional showing of cause, not present in this case. Accordingly, the Court ALLOWS Plaintiff's motion to strike and Doc. Nos. 29, 30, and 32

are hereby STRIKEN from the docket.

However, the Court's decisional process would be aided in this case by supplemental briefing limited to the following narrow issue:

> Whether the Supreme Court's decision in <u>Hazen Paper Co. v. Biggins</u>, 507 U.S. 604 (1993), and subsequent authority, have any application to the case at bar when the factual record (including, without limitation, the Affidavit of Morris Taormina, ¶ 4, the Affidavit of Jim Lange, ¶ 3, and the Deposition of H.V. Nelson, at 45:1-6) is viewed in the light most favorable to Plaintiff?

Defendants shall be permitted one brief to be filed on or before 1 December 2006. Plaintiff shall be permitted one brief to be filed on or before 15 December 2006. Both briefs shall be limited to a maximum of 2000 words. Headings, footnotes, quotations, and citations count toward the page and word limitation. The case caption, table of contents, table of authorities, and any certificates of counsel do not count toward the limitation. The memorandum of law shall include a certificate by the attorney, subject to Fed. R. Civ. P. 11, that the submission complies with the foregoing word limitation.

IT IS SO ORDERED.

Signed: November 14, 2006

Frank D. Whitney
United States District Judge